UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>CODY HEINSOHN, aka HEINSOHN CODY,<br><br>　　　　Defendant. | 1:08-cv-0590-LJO-SMS<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 17)<br><br>ORDER DIRECTING FURTHER BRIEFING BY PLAINTIFFS IN THE EVENT OF PLAINTIFF'S REFILING THE MOTION |

　　　　Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303.

　　　　Plaintiffs' motion for a default judgment against Defendant Cody Heinsohn, filed on October 14, 2008, was set to be heard on January 16, 2009. The Court has reviewed the moving papers.

　　　　Fed. R. Civ. P. 5(d) requires that any paper after the complaint that is required to be served must be filed, together with a certificate of service, within a reasonable time after service. Local Rule 5-135(c) expressly requires that except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Further, it expressly requires that proof of service shall be under

1

penalty of perjury.

Here, the proofs of service submitted by Plaintiff with respect to the motion for default judgment and attachments, and the order granting Plaintiffs' ex parte application to continue the hearing on the motion for default judgment, do not contain declarations under penalty of perjury. See, 28 U.S.C. § 1746. Accordingly, legally sufficient proof of service of the pertinent moving papers and legally sufficient notice of the hearing are lacking.

Therefore, the hearing on the motion for default judgment IS VACATED without prejudice to Plaintiffs' renoticing and refiling the motion with legally sufficient proofs of service.

Further, the Court notes that there are additional defective proofs of service of other documents that appear to be pertinent to the question of adequate notice to Defendant of various matters, including but not limited to the declaration of Zavala in support of request to enter default (Doc. 14-2) and the certificate of service of the clerk's entry of default (Doc. 16). Should Plaintiffs refile their motion for default judgment without correcting these additional defects, Plaintiffs ARE DIRECTED to provide legal authority and complete analysis concerning the legal sufficiency of notice to Defendant in connection with any of the matters to which the defective proofs of service relate. Failure to do so will result in the matter being dropped from the calendar.

IT IS SO ORDERED.

**Dated:   January 14, 2009**            /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

2