UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HEINSOHN CODY,<br><br>Defendant. | 1:08-cv-00590-LJO-SMS<br><br>FINDINGS AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DOC. 27)<br><br>ORDER DIRECTING PLAINTIFFS TO SERVE THESE FINDINGS AND RECOMMENDATIONS ON THE DEFAULTING DEFENDANT AND FILE PROOF OF SUCH SERVICE WITHIN TEN DAYS OF THE DATE OF SERVICE OF THIS ORDER |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303.

Pending before the Court is Plaintiffs' motion for a default judgment against Defendant Heinsohn Cody, filed on August 13, 2009, including a notice of motion and motion, a declaration of Thomas M. Kerr, and a proposed order. Amended proof of service of various documents was also filed on August 13, 2009.[1]

[1] The jurat is made under penalty of perjury under the laws of the state of California, and thus it does not fully conform to the requirement of 28 U.S.C. § 1746.

Plaintiffs' motion came on regularly for hearing on October 16, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Thomas M. Kerr appeared telephonically on behalf of Plaintiff. There was no appearance on behalf of Defendant.

I. Directions to Plaintiffs to Serve the Findings and Recommendations

The remainder of this document constitutes the Court's findings and recommendations with respect to Plaintiffs' motion for default judgment.

Plaintiff IS DIRECTED to serve the findings and recommendations on the defaulting Defendant and to file proof of such service no later than ten days after the date of service of this order.

II. Legal Standards on a Motion for Default Judgment

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in

exercising discretion as to the entry of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. av. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

III. Service, Entry of Default, Notice, and Status of Defendant

A. Service

The declaration of Thomas M. Kerr, Plaintiffs' counsel, establishes that after Defendant was identified (¶¶ 1-8), Plaintiffs' counsel sent Defendant a letter advising him that

copyright infringement had been detected and providing contact information for him to use to communicate with Plaintiffs' representatives to resolve the matter without litigation. When there was no response, Plaintiffs filed suit on April 29, 2008. Kerr further declared that letters concerning possible settlement sent to Defendant in 2008 did not produce a response. (¶¶ 9-12.) It appears from the docket and from the declaration of Kerr that Defendant did not demonstrate a clear purpose to defend the suit and thus did not appear in the action within the meaning of 55(b)(2). See, In re Roxford Foods v. Ford, 12 F.3d 875, 879-81 (9th Cir. 1993).

The proof of service filed on July 18, 2008, reflects that on July 1, 2008, the summons, complaint, and related documents were served by substituted service on Defendant by a registered process server. (Doc. 8.) It states that the documents were left with Tammy Cody, Defendant's mother, an adult female, at the home or usual place of abode of the Defendant, and that on July 7, 2008, the pertinent documents were mailed to Defendant at the same address. In the attached "DECLARATION OF REASONABLE DILIGENCE," the server states:

> I declare the following attempts were made to effect service by personal delivery:
> 6/26/2008 9:30 a.m.: No Answer at the door

(Doc. 8 p. 3.)

At hearing, the Court expressed concern over the legal sufficiency under California law of substituted service after a single attempt at service was unsuccessful, and Plaintiff was given an opportunity to submit by October 30, 2009, further briefing or evidence on the matter, including evidence of

additional efforts to effect service. On October 22, 2009, the docket reflects that a summons issued to Defendant was issued, and thus it appears that Plaintiff is attempting to serve Plaintiff again.

In the interim, the Court has reconsidered the matter of the legal sufficiency of Plaintiff's service on the defaulting Defendant. Because of the form of Plaintiff's proofs of service, and in the absence of any briefing or other guidance from Plaintiff with respect to service, the Court understood that Plaintiff was basing its position on notice on state law and was attempting to establish substituted service on an individual after reasonably diligent effort to effect personal service. However, it appears to the Court that the previous service was legally sufficient on a separate basis, namely, pursuant to Fed. R. Civ. P. 4(e)(2)(B), which provides that an individual may be served in a judicial district of the United States by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Accordingly, the Court will proceed to file these findings and recommendations to grant Plaintiff's motion without further input from Plaintiff.

B. Entry of Default

Pursuant to Plaintiffs' request, the Clerk entered default as to Defendant on September 23, 2008. (Doc. 15.) Plaintiffs served the clerk's certificate of default on Defendant by mail on August 12, 2009. (Doc. 26.) Defendant was served with the motion for default judgment by mailing on August 13, 2009. Thus,

regardless of Defendant's lack of appearance, Defendant has nevertheless received the notice required by Fed. R. Civ. P. 55(b)(2).

Further, the notice was adequate pursuant to Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including injunctive relief, statutory damages for each infringement at the election of Plaintiff, and costs and fees. (Compl. at p. 5.) The failure to allege a specific sum in the complaint does not prevent entry of a default judgment for a certain sum or a sum that can be made certain where appropriate notice has otherwise been given. See Appleton Elec. Co. v. Graves Truck Line, 635 F.2d 603, 611 (7th Cir. 1980).

Thus, the Court finds that Plaintiff gave adequate notice of the nature and amount of its claim.

Finally, in the declaration, Kerr states that because Defendant was of sufficient age to maintain an internet service account with SBC on June 8, 2007 (the date the infringement was detected), Kerr is informed and believes that Defendant is neither a minor nor an incompetent person; further, a search for Defendant's name conducted in the Department of Defense-Manpower Data Center revealed no evidence that Defendant is on active duty in the military service. (Decl. ¶¶ 15-16.)

Thus, it appears that with respect to notice and status, a default judgment would be appropriate with respect to Defendant Heinsohn Cody.

IV. Legal Sufficiency of the Complaint

An infringer of copyright is liable for actual damages and any additional profits of the infringer attributable to the infringement. 17 U.S.C. § 504(a). An infringer is anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118. 17 U.S.C. § 501(a). Copyright protection subsists in original works of authorship, including pictorial and graphic works and sound recordings. 17 U.S.C. § 102. The owner of a copyright has the exclusive rights to perform or authorize the reproduction of the copyrighted work in copies, prepare derivative works based on the copyrighted work, distribute copies to the public by sale or other transfer of ownership, and display the copyrighted work publicly. 17 U.S.C. § 106.

Thus, to prevail on a claim for infringement of copyright under 17 U.S.C. § 501, Plaintiffs must establish that Defendant violated an exclusive right of the copyright owner as provided in 17 U.S.C. §§ 106, 501(a). Elektra Entertainment Group Inc. v. Crawford, 226 F.R.D. 388, 392-93 (C.D.Cal. 2005). This means that to establish a prima facie case of direct infringement, Plaintiffs must show 1) ownership of the allegedly infringed material, and 2) the infringer's violation of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. Marder v. Lopez, 450 F.3d 445, 453 (9th Cir. 2006).

Here, Plaintiffs alleged that Plaintiffs owned the copyrights or were the licensees of exclusive rights under the United States copyright law with respect to ten specific

recordings[2]; each sound recording was the subject of a valid certificate of copyright registration issued by the Register of Copyrights; Plaintiffs owned the exclusive rights under copyright law in the United States to reproduce and distribute the copyrighted recordings. (Cmplt. ¶¶ 13-18.) Plaintiffs then alleged that without Plaintiffs' permission or consent, Defendant used and continues to use an online media distribution system to download the recordings, as well as additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and distribute them to the public in violation of Plaintiffs' exclusive rights of reproduction and distribution; Defendant thereby infringed Plaintiffs' exclusive rights. (Cmplt. p. 4.) Plaintiff further alleged expressly that the acts of infringement were willful, intentional, and with disregard and indifference for Plaintiffs' rights. (Id. at ¶ 20.)

Accordingly, Plaintiffs have adequately stated claims for copyright infringement.

V. Discretionary Considerations

Here, it does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the subject matter of the instant action. Further, there is no apparent likelihood of a dispute as to a material fact essential to the Plaintiffs' case. No just cause for delay appears. It is apparent from the declaration submitted to the Court that Defendant is not an infant, incompetent, or member of

[2] The recordings' titles were listed as Wish You Were Here, Addicted, Hotel California, My Life, Locked Up, Here I Go Again, I'm Gonna Miss Her, Somebody Up There Likes Me, Over and Over, and Celebrity. (Cmplt ¶ 17, Ex. A.)

the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiffs have shown their entitlement to a default judgment.

VI. Damages

Plaintiffs request statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the ten recordings.

Title 17 U.S.C. § 504 provides in pertinent part:

> (a) **In General.** Except as otherwise provided by this title, an infringer of copyright is liable for either--
>
> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
> (2) statutory damages, as provided by subsection (c).
>
> ....
>
> (c) Statutory Damages.--
>
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case

> where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work. (Emphasis added.)

A district court has wide discretion in determining the amount of statutory damages to be awarded and should consider what is just in the particular case in light of the nature of the copyright and the circumstances of the infringement. Los Angeles News Service v. Reuters Television International, Ltd., 149 F.3d 987, 996 (9th Cir. 1998). The statutory damages serve both compensatory and punitive purposes, so in order to effectuate the statutory policy of discouraging infringement, recovery of statutory damages is permitted even absent evidence of the actual damages suffered by a plaintiff or of the profits reaped by a defendant. Id.

Defendant seeks the minimum statutory amount of $7,500.00, or $750.00 for each of the ten infringements. Statutory damages are particularly appropriate for cases in which the defendant

defaults because the difficulty of ascertaining the plaintiff's actual damages is increased in such cases. Jackson v. Sturkie, 255 F.Supp.2d 1096, 1101 (N.D.Cal. 2003). Further, the Court considers the fact that the copyright relates to a sound recording. Considering all of the pertinent circumstances as demonstrated by the declaration and attachments submitted by Plaintiffs, and in order to effectuate the purposes of the statute, the Court concludes that the minimum amount of $7,500.00 in damages for the multiple infringements is just and reasonable.

VII. Injunctive Relief

Plaintiffs pray for an injunction that states the following:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Mot. pp. 15-20, Cmplt. p. 5.)

Title 17 U.S.C. § 502 states:

> (a) Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a

copyright.

(b) Any such injunction may be served anywhere in the United States on the person enjoined; it shall be operative throughout the United States and shall be enforceable, by proceedings in contempt or otherwise, by any United States court having jurisdiction of that person. The clerk of the court granting the injunction shall, when requested by any other court in which enforcement of the injunction is sought, transmit promptly to the other court a certified copy of all the papers in the case on file in such clerk's office (emphasis added).

As a general rule, absent a great public injury, a permanent injunction will be granted when liability has been established and there is a threat of a continuing violations. Cadence Design Systems, Inc. v. Avant! Corp., 125 F.3d 824, 829 (9th Cir. 1997); MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir. 1993) (issuing an injunction against further infringement of protected software rights where the plaintiff demonstrated that the defendant had computers in its loaner inventory with the protected software on it). Generally a party seeking a preliminary injunction must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor; however, because in a copyright infringement claim a showing of a reasonable likelihood of success on the merits raises a presumption of irreparable harm, a plaintiff need only show a likelihood of success on the merits to obtain a preliminary injunction. Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998).

Here, Plaintiffs seek a permanent injunction. They have already shown actual success on the merits because their complaint states a claim for wilful infringement, and Defendant

has defaulted; further, Plaintiffs have alleged that unless restrained, Defendant will continue to cause irreparable injury for which there is no full monetary compensation. (Cmplt. pp. 4-5.) This is sufficient for a permanent injunction. Sony Music Entertaniment, Inc. v. Global Arts Productions, 45 F.Supp.2d 1345, 1347 (S.D.Fla. 1999). An injunction against further infringement and even infringement of future works is permitted, and it is appropriate to grant an injunction on an application for default judgment. Princeton University Press v. Michigan Document Services, Inc., 99 F.3d 1381, 1392-93 (6th Cir. 1996) (noting that an injunction of works copyrighted in the future is supported by the weight of authority); Elektra Entertainment Group Inc. v. Crawford, 226 F.R.D. 388, 393-94 (C.D.Cal. 2005) (granting a final injunction on default judgment to enjoin defendant from directly or indirectly infringing plaintiffs' rights under federal or state law in copyrighted recordings, whether then in existence or later created, where the requested terms of the injunction were the same as those prayed for in complaint, proposed injunctive relief was appropriate, the plaintiffs sent two letters to defendant before plaintiffs sought entry of default which warned of default judgment, defendant failed to respond to serious claims brought against him despite receiving adequate notice, and failure to grant injunction would have resulted in plaintiffs' continued exposure to harm with no method of recourse). If infringement is established, then it is appropriate as part of a final judgment to order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright

owner's exclusive rights and of all other articles by means of which such copies might be reproduced. 17 U.S.C. § 503(b).

Here, Plaintiffs alleged that Defendant infringed and wilfully continues to use the on-line distribution system to distribute to the public the obviously copyrighted sound recordings and thereby is causing irreparable injury that cannot be measured or compensated in money. Further, it is alleged that Plaintiffs have no adequate remedy at law. (Cmplt. ¶¶ 17-22.)

The requested terms of the injunction are the same as those prayed for in the complaint. Defendant's lack of intent to comply with the copyright restrictions is demonstrated by the Defendant's failure to reply to Plaintiffs' correspondence, and by Defendant's further failure to respond to various forms of notice of serious claims brought against her despite receiving adequate notice. It appears that the failure to grant the requested injunction would result in Plaintiffs' continued exposure to harm with no method of recourse. There does not appear to be any public injury that would result from issuance of the injunction. Accordingly, the Court concludes that injunctive relief is appropriate.

However, the injunctive relief sought is too broad. Generally an injunction must be narrowly tailored to remedy only the specific harms shown by the plaintiffs rather than to enjoin all possible breaches of the law; injunctive relief concerning a copyright will be limited to works that infringe on the Plaintiffs' copyright. Iconix, Inc. v. Tokuda, 457 F.Supp.2d 969, 998-1002 (N.D.Cal.2006) (preliminary injunction in copyright case). Further, it is established that every order granting an

injunction shall set forth the reasons for its issuance; shall be specific in its terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Fed. R. Civ. P. 65(d). Even without objections by a party, a court has an independent duty to assure that an injunction is specific in its terms and describes in reasonable detail the acts sought to be restrained. See, EFS Marketing, Inc. v Russ Berrie & Co., 76 F.3d 487, 493-94 (2nd Cir. 1996); 4 Nimmer on Copyright, § 14.06(C) (2006).

Here, the injunction purports to forbid infringing Plaintiffs' rights under "federal or state law" in the copyrighted recordings. However, the sole subject of the complaint and this action is infringement of rights created by the Copyright Act, not any other federal or state law.

Further, the injunction sought would enjoin infringement not only of copyrighted sound recordings, but also of any sound recording owned or controlled by Plaintiffs; thus, it would include recordings that are not copyrighted. This exceeds the scope of the infringement, which was limited to copyrighted works.

Likewise, the proposed injunction would cover infringement not only of recordings copyrighted by Plaintiffs, but also those owned or controlled by any parent, subsidiary, or affiliate

record label of Plaintiffs. Such a provision does not give reasonable notice of what conduct would be included within the scope of the injunction because a reasonable person would not know what entities or operations constitute parents, subsidiaries, or affiliate record labels of Plaintiffs. This aspect of the injunction would be unclear and also would exceed the scope of the infringement.

Accordingly, these aspects should be eliminated from the injunctive relief sought.

VIII. Costs

Plaintiffs seek $420.00 in costs, consisting of $350.00 in filing fees and $70.00 for service of process. (Decl. of Kerr, ¶ 18.)

Title 17 U.S.C. § 505 states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The Court exercises its discretion to award Plaintiffs costs of $420.00.

IX. Recommendation

Accordingly, it IS RECOMMENDED that

1) Plaintiffs' motion for default judgment against Defendant Cody Heinsohn, aka Heinsohn Cody, BE GRANTED; and

2) The Clerk BE DIRECTED to enter judgment in favor of Plaintiffs and against Defendant Cody Heinsohn, aka Heinsohn Cody, in the amount of $7,500.00 of statutory damages, and $420.00 in costs; and

3) The Clerk BE DIRECTED to enter judgment in favor of Plaintiffs and against Defendant Cody Heinsohn, aka Heinsohn Cody enjoining Defendant from directly or indirectly infringing Plaintiffs' rights in the following copyrighted sound recordings: "Wish You Were Here," on album "Morning View," by artist "Incubus" (SR# 306-181); "Addicted," on album "No Pad, No Helmets... Just Balls," by artist "Simple Plan" (SR# 351-060); "Hotel California," on album "Hotel California," by artist "Eagles" (SR# N38950); "My Life," on album "52nd Street," by artist "Billy Joel" (SR# 4-681); "Locked Up," on album "Trouble," by artist "Akon" (SR# 361-456); "Here I Go Again," on album "Whitesnake," by artist "Whitesnake" (SR# 82-749); "I'm Gonna Miss Her," on album "Part II," by artist "Brad Paisley" (SR# 298-930); "Somebody Up There Likes Me," on album "Young Americans," by artist "David Bowie" (SR# N22804); "Over and Over" on album "Suit" by artist "Nelly" (SR# 358-551); "Celebrity" on album "Mud on the Tires" by artist "Brad Paisley" (SR# 336-114); and any copyrighted sound recording, whether now in existence or later created, which is owned or controlled by Plaintiffs ("Plaintiffs' recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization

and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated: October 26, 2009**

**/s/ Sandra M. Snyder**
**UNITED STATES MAGISTRATE JUDGE**